## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

STEELCASE INC.,

        Plaintiff,

   v.                               Case No. _____

BLU DOT DESIGN &
MANUFACTURING, INC.,

        Defendant.

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Blu Dot Design & Manufacturing, Inc. ("Blu Dot"), for its Answer to Plaintiff Steelcase Inc.'s ("Steelcase") Complaint, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Blu Dot admits the allegations in Paragraph 1.

2.     Blu Dot admits the allegations in Paragraph 2.

3.     Paragraph 3 constitutes a legal conclusion, so there is no response necessary.  To the extent a response is necessary, Blu Dot admits the amount in controversy exceeds $25,000 and denies the remining allegations.

4.     The parties' agreement speaks for itself, and Blu Dot denies any allegations that are inconsistent with the Agreement.  The allegations also amount to a legal conclusion, so no response is necessary.  To the extent that a response is necessary, Blu Dot denies that venue is limited to Circuit Court for Kent County.

**COMMON ALLEGATIONS**

5.      Blu Dot incorporates its responses to Paragraphs 1 through 4 of the Complaint as if fully set forth herein.

6.      Blu Dot admits the allegations in Paragraph 6.

7.      Blu Dot admits that the agreement provided for payment by Blu Dot of Partner Fees and Logistics and Transportation Fees under certain circumstances and admits that Steelcase was obligated to provide certain services, but Blu Dot denies Paragraph 7 fully and accurately summarizes the terms of the agreement.

8.      Blu Dot admits that Steelcase submitted monthly invoices for several years, but as of no later than January 2025, Blu Dot denies that Steelcase's invoices were legitimate or that Blu Dot had any obligation to pay and denies the remaining allegations in Paragraph 8.

9.      Blu Dot admits that it paid invoices from October 18, 2016, until February 2025. Blu Dot denies any obligation to pay Partner Fees and Logistics and Transportation Fees and denies the remaining allegations in Paragraph 9 at the commission rates contained the invoices because the commission rates were based on Amendment 1 to the Distribution Agreement, which Steelcase either breached or failed for a want of consideration.

10.      Blu Dot denies the allegations in Paragraph 10.

**COUNT I—BREACH OF CONTRACT**

11.      Blu Dot incorporates its responses to Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12.      In response to the allegations in Paragraph 12, Blu Dot states that Blu Dot and Steelcase entered into an agreement, and that the agreement, when originally entered, provided, in part, that Steelcase would provide access to Steelcase services, sales networks and other support

to Blu Dot, and Blu Dot would pay Partner Fees and Logistics and Transportation Fees.  Blu Dot denies the remaining allegations contained in paragraph 12.

13.     Blu Dot admits that Steelcase tendered copies of monthly invoices for Partner Fees and Logistics and Transportation Fees, but Blu Dot denies that Steelcase's invoices were legitimate or that Blu Dot had any obligation to pay and denies the remaining allegations in Paragraph 13.

14.     Blu Dot admits that it did not pay the illegitimate invoices submitted by Steelcase in the amount of $951,940 and denies that it had any obligation to do so and denies the remaining allegations in Paragraph 14.

15.     Blu Dot denies the allegations in Paragraph 15.

16.     Blu Dot denies the allegations in Paragraph 16.

## COUNT II—ACCOUNT STATED

17.     Blu Dot incorporates its responses to Paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18.     In response to the allegations in Paragraph 18, Blu Dot states that Blu Dot and Steelcase entered into an agreement, and that the agreement, when originally entered, provided, in part, that Steelcase would provide access to Steelcase services, sales networks and other support to Blu Dot, and Blu Dot would pay Partner Fees and Logistics and Transportation Fees.  Blu Dot denies that it has failed to pay any fees that are legitimately due under the Agreement and affirmatively alleges that it has overpaid Steelcase.

19.     Blu Dot denies the allegations in Paragraph 19.

20.     Blu Dot denies the allegations in Paragraph 20.

21.     Blu Dot denies the allegations in Paragraph 21.

22.     Blu Dot denies the allegations in Paragraph 22.

23.     Blu Dot denies the allegations in Paragraph 23.

24.     Blu Dot admits that it has refused to provide the payments demanded by Steelcase, but denies that it has any obligation to do so and denies the remaining allegations in Paragraph 24.

## COUNT III—UNJUST ENRICHMENT

25.     Blu Dot incorporates its responses to Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.     Blu Dot denies the allegations in Paragraph 26.

27.     Blu Dot denies the allegations in Paragraph 27.

28.     Blu Dot denies the allegations in Paragraph 28.

## ADDITIONAL DEFENSES

Blu Dot reserves the right to assert any and all defenses to Steelcase's claims. Blu Dot has not yet obtained all necessary discovery from Steelcase or others in connection with this action, and therefore reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses, and without conceding that any such defenses must be set forth in its Answer or assuming any burden of proof that it would not otherwise bear, Blu Dot states as follows:

1.     Steelcase's Complaint fails to state a claim upon which relief can be granted.

2.     Steelcase's claims are barred, in whole or in part, by the doctrines of laches, waiver, misrepresentation, estoppel, and unclean hands.

3.     Steelcase's claims are barred, in whole or in part, by a failure of consideration.

4.     Steelcase's claims are barred, in whole or in part, by the failure of a condition precedent, namely Steelcase's failure to provide a Design Portfolio sales team that was incentivized to sell Blu Dot products in accordance with commission structure contained in Amendment 1.

4

5.      Steelcase's claims for damages are barred, in whole or in part, because Steelcase cannot show any entitlement to such damages.

6.      Steelcase's damages are barred, in whole or in part, because Steelcase has failed to mitigate its damages.

7.      Steelcase's claims are barred in whole and in part because of Blu Dot's right of offset.

8.      Steelcase's claims are barred in whole or in part because of Steelcase's prior material breach of contract.

9.      Steelcase's equitable claims are barred in whole or in part by the existence of a contract.

10.     Blu Dot reserves the right to assert additional defenses or claims that may become known during discovery.

## COUNTERCLAIMS

For its Counterclaims against Steelcase, Blu Dot states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Blue Dot is a corporation organized in the State of Minnesota, with its principal place of business located in Minneapolis, Minnesota. Blu Dot conducts business in the State of Michigan.

2.      Steelcase is a corporation organized under the laws of the State of Michigan, with its principal place of business located in Kent County, Michigan.

### FACTUAL ALLEGATIONS

3.      On or about October 16, 2016, Blu Dot and Steelcase entered into the Partnership Program Agreement.

5

4.      In the summer of 2019, Blu Dot and Steelcase entered into Amendment #01 to Distribution Agreement (the "Amendment"), which amended the terms of the Partnership Program Agreement.  A true and correct copy of the Amendment is attached as **Exhibit 1**.

5.      The Amendment provided that "[i]n order to incentivize the Design Portfolios sales team to position Blu Dot, we both agree to amend the Partner Fees structure" included in the original agreement.

6.      The changes to the Partner Fees structure increased the fees Blu Dot would owe under the agreement.

7.      The purpose of the Amendment was for Steelcase to establish a dedicated Design Portfolios sales team that would be incentivized to position Blu Dot's products based on receipt of commissions (from the increased Partner Fees) on sales of Blu Dot products.

8.      After signing the Amendment, Steelcase initially complied with the revised terms by compensating the Design Portfolios design team on commission.

9.      Blu Dot complied with the revised terms by paying increased rates for Partner Fees.

10.     In or around 2020, Steelcase stopped compensating the Design Portfolio sales team based on commission.

11.     At some point thereafter, on information and belief, Steelcase eliminated the Design Portfolio sales team altogether and / or changed their responsibilities so that they were no longer dedicated as originally envisioned by the Amendment.  Moreover, Steelcase changed their compensation structure to bonus structure, as opposed to the commission structure required Amendment 1, which removed the incentive for the team to prioritize selling Blu Dot products.

12.     While Blu Dot continued to pay increased Partner Fees, it did not receive the reciprocal benefits it contracted for in the Amendment.  The Blu Dot personnel who made the payments were not aware that Steelcase had breached the terms of Amendment 1.

13.     As a result of the changes to the Design Portfolio sales team and/ or their compensation structure, Steelcase's sale of Blu Dot products decreased by more than 20%.

## COUNT I—BREACH OF CONTRACT

14.     Blu Dot incorporates Paragraphs 1–14 as though fully set forth herein.

15.     Blu Dot performed all of its obligations under the Partnership Program Agreement and Amendment.

16.     Steelcase failed to abide by its obligations under the Amendment to incentivize the dedicated Design Portfolio sales team with commissions both by failing to pay commissions and by failing to employ or properly utilize the Design Portfolio sales team as intended under the Amendment.

17.     Steelcase's conduct constituted a material breach.

18.     In addition, every contract incorporates the implied covenant of good faith and fair dealing.

19.     To the extent Steelcase had discretion under the terms of the Amendment, it was obligated to exercise that discretion consistent with the implied covenant.

20.     By failing to provide any benefits to Blu Dot in exchange for the increased fees set forth in the Amendment, Steelcase breached the implied covenant.

21.     As a result of Steelcase's breach of contract, Blu Dot has suffered damages in excess of $900,000.

7

## COUNT II—UNJUST ENRICHMENT

22.     Blu Dot incorporates Paragraphs 1–14 as though fully set forth herein.

23.     This Count is alleged in the alternative to Count I and Count II.

24.     Following the Amendment, Blu Dot paid higher Partner Fees than it had originally agreed to pay.

25.     Steelcase accepted those increased fees.

26.     Blu Dot agreed to pay higher fees in exchange for sales services that were never provided.  Thus, the Amendment failed for lack of consideration.

27.     It would be unjust for Steelcase to retain the increased fees when it failed to provide any additional services.

28.     Accordingly, Blu Dot should be awarded an amount in excess of $900,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Blu Dot respectfully requests that the Court:

A.  Enter judgment in favor of Blu Dot on these counterclaims;

B.  Award damages in an amount to be proved at trial; and

C.  Grant such other and further relief as the Court deems just and proper.

Dated: December 16, 2025                                    BODMAN PLC

                                                            By: */s/ Alexandra C. Markel*
                                                            Alexandra C. Markel (P81705)
                                                            Grant J. Semonin (P86855)
                                                            1901 Saint Antoine Street, 6th FL
                                                            Detroit, MI 48226
                                                            (313) 393-7511
                                                            amarkel@bodmanlaw.com
                                                            gsmonin@bodmanlaw.com

                                                            -and-

-

8

FREDERICKSON & BYRON, P.A.

By: *Jeffrey W. Post*
Jeffrey W. Post (MN0271883)
Nathan A. Rice *(PHV Admission Pending)*
60 South Street, Suite 1500
Minneapolis, MN 55402-4400
(612) 492-7000
jpost@fredlaw.com
nrice@fredlaw.com

*Attorneys for Defendant Blu Dot Design*
*& Manufacturing, Inc.*

## Certificate of Service

I hereby certify that on December 16, 2025, the foregoing document was filed with the

Clerk of the court via the court's e-filing system which will give notice of such filing to all counsel

of record.

BODMAN PLC

By: */s/ Alexandra C. Markel*
Alexandra C. Markel (P81705)
amarkel@bodmanlaw.com
*Attorneys for Defendant Blu Dot Design*
*& Manufacturing, Inc.*

9